ORIGINAL

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x<br><br>UNITED STATES OF AMERICA,<br><br>              - v. -<br><br>NABIL KASSIM,<br>    a/k/a "Kasola,"<br>BASSAM BASHA,<br>HASSAN LABRAN,<br>JIBRILLA MUMUNI,<br>ISSAH FARUK,<br>    a/k/a "Tunde," and<br>BASHIRU GAINYU,<br>    a/k/a "Bashiroo,"<br><br>            Defendants.<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | Judge McMahon<br><br>INDICTMENT<br><br>13 Cr.<br><br>**13 CRIM 874**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: NOV 07 2013 |

## COUNT ONE

The Grand Jury charges:

1. From at least in or about March 2012, up to and including in or about November 2012, in the Southern District of New York and elsewhere, NABIL KASSIM, a/k/a "Kasola," BASSAM BASHA, HASSAN LABRAN, JIBRILLA MUMUNI, ISSAH FARUK, a/k/a "Tunde," and BASHIRU GANIYU, a/k/a "Bashiroo," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that NABIL KASSIM, a/k/a "Kasola," BASSAM BASHA, HASSAN LABRAN,

JIBRILLA MUMUNI, ISSAH FARUK, a/k/a "Tunde," and BASHIRU GANIYU, a/k/a "Bashiroo," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

3. The controlled substance involved in the offense was one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

### Forfeiture Allegation

4. As a result of committing the controlled substance offense charged in this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of said offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the Indictment.

### Substitute Asset Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

2

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

NABIL KASSIM,
a/k/a "Kasola,"
BASSAM BASHA,
HASSAN LABRAN,
JIBRILLA MUMUNI,
ISSAH FARUK,
a/k/a "Tunde," and
BASHIRU GAINYU,
a/k/a "Bashiroo,"

Defendants.

INDICTMENT

13 Cr.

(21 U.S.C. § 846.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

11-7-13
MB
Filed indictment. Case assigned to Judge McMahon for all purposes...
Ellis, USMJ