UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :  S1 13 Cr. 874 (CM) |
| -against- | : |
| JIBRILLA MUMUNI and BASHIRU GANIYU, | : |
| DEFENDANTS. | : |

**JIBRILLA MUMUNI'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

The defendant Jibrilla Mumuni by and through his attorney Mark S. DeMarco, requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the attached questions in its general voir dire of the jurors so that the defense may effectively exercise its challenges for cause and its peremptory challenges.

Defendant further request that the Court conduct more detailed questioning at sidebar or in the robing room should further inquiry of a prospective juror be appropriate. In the event that such further questioning is needed, defendant respectfully requests that the Court inquire whether the particular fact or circumstance raised would influence the prospective juror in favor of or against defendant.

## THE CHARGES

1. This is a criminal case. The defendants have been charged in an indictment with violating federal narcotics laws.

2. The Indictment is not evidence. It simply contains the charges that the government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I

would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3.     The Indictment contains six counts, three that relate to Mr. Mumuni.  Count One charges that from in or about March 2012, until in or about November 2012,  defendant conspired – which means they agreed – with others to distribute or possess with intent to distribute heroin.  Counts Five and Six charge that on or about September 24, 2012, and on or about November 17, 2012, Mr. Mumuni distributed and possessed with intent to distribute heroin.

4.     Do any of you believe that you have personal knowledge of the charges contained in the Indictment as I have described it?

**KNOWLEDGE OF THE TRIAL PARTICIPANTS**

5.     The defendants in this case are Bashiru Ganiyu and Jibrilla Mumuni [Please ask to rise.]  Do any of you know, or have you had any dealings, directly or indirectly, with Mr. Ganiyu or Mr. Mumuni, or with any relative, friend, or associate of them?

6.     To your knowledge, do any of your relatives, friends, associates, or employers know Mr. Ganiyu or Mr. Mumuni?

7.     Mr. Ganiyu is represented here today by Karloff Commissiong and Mr. Mumuni is represented by Mark S. DeMarco. [Please ask to stand.]  Do any of you know Mr. Commissiong or Mr. DeMarco?

8.     The government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Preet Bharara.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Rahul Mukhi and Brendan Quigley.  [Please ask the Assistants to stand.]  Do any of

you know Mr. Mukhi or Mr. Quigley?  Have you or your family members or close friends had any dealings either directly or indirectly with them?  The prosecutors will also be assisted in this case by Special Agent of the _____ and [government's paralegal], a paralegal specialist with the U.S. Attorney's Office.  [Please ask agent and paralegal to stand.]  Have you or your family members or close friends had any dealings either directly or indirectly with Special Agent _____ or [government's paralegal]?  Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office?

9. I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case: [a list of individuals and witnesses will be provided to the Court shortly before trial].  Do any of you know any of these people?  Have you had any dealings either directly or indirectly with any of these individuals?

**RELEVANT LOCATIONS**

10. Some of the conduct at issue in this case and the arrests of Mr. Ganiyu and Mr. Mumuni took place at specific locations in the Bronx and elsewhere; [a list of relevant locations will be provided to the Court shortly before trial].  Are any of you familiar with these locations?

**RELATIONSHIP WITH GOVERNMENT**

11. Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York?  The Department of Justice?  The New York City Police Department ("NYPD")?  Is any member of your family employed by any law enforcement agency, whether federal, state or local?

12. Have you, or has any member of your family, any associate or close friend, ever been employed by any other government agency, whether federal, state or local?

**PRIOR JURY SERVICE**

13. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county, or city court?  If so, when and where did you serve?

14. Have you ever served as a juror in any court?  If so, when and in what court did you serve, and was it a civil or criminal case?  What was the nature of the case?  Without saying what it was, did the jury reach a verdict?

**EXPERIENCE AS A WITNESS, LITIGANT, DEFENDANT, OR CRIME VICTIM**

15. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a legislative committee or governmental agency?

16. Have you ever been a witness or a complainant in any federal or state prosecution?  What was the nature of that prosecution?

17. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?  [Mr. Ganiyu and Mr. Mumuni  respectfully request that the Court allow any juror who answers affirmatively the option to discuss this issue at sidebar or in robing room.]  What crime?

18. Have you, or has any member of your family, any associate or close friend, ever been a victim of a crime or involved in any way in a case involving illegal drugs?  [As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.]

19. Have you, or has any member of your family, been a party to a lawsuit?  What was the nature of the suit?  Is there anything about that experience that would prevent you from being fair and impartial in this case?

20. Have you had any experiences with, or do you have any views regarding,

attorneys who defend criminal cases that would make it difficult for you to be fair and impartial in this case?

**ABILITY TO RENDER A FAIR AND IMPARTIAL VERDICT**

21. During the trial, you will hear evidence concerning illegal narcotics. Does the fact that the charges involve illegal narcotics affect your ability to render a fair verdict?

22. You will also hear evidence concerning the possession and distribution of illegal drugs. Does the fact that this case will involve such evidence affect your ability to render a fair verdict?

23. Has any juror's relative, close friend, or associate ever been involved – as a defendant, victim, or in any other way – in a case involving illegal drugs? Has any juror had any personal experience with narcotics that would make it difficult for him or her to be impartial?

**LAW ENFORCEMENT WITNESSES**

24. The government witnesses in this case will consist in part of officers of the NYPD and agents of the FBI. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?

25. Does anyone have any personal feelings or experiences concerning law enforcement witnesses that would in any way affect their ability to be fair and impartial in this case?

**COOPERATING WITNESSES**

26. The government may also present the testimony of cooperating witnesses who have pleaded guilty to other crimes in exchange for the possibility of more lenient punishment from the Court. Would any of you be more likely to believe a witness merely because he or she is testifying pursuant to a cooperation agreement with the government?

27. Does anyone have personal feelings or experiences concerning cooperating

witnesses generally that would in any way affect their ability to be fair and impartial in this case?

**DRUGS/NARCOTICS**

28. This case may involve testimony or evidence relating to drugs or the use of illegal drugs.

29. Have any of you, any members of your immediate family, or friends known anyone who used or was addicted to drugs? If so, please state:

    a. who?

    b. what is their relationship to you?

    c. would that fact affect your judgment in this case?

**OTHER QUESTIONS**

30. Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

31. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial or otherwise interfere with your ability to serve as a juror in this case? [Mr. Ganiyu and Mr. Mumuni respectfully request that the Court allow any juror who answers affirmatively the option to discuss this issue at sidebar or in robing room.]

32. Do any of you have any difficulty in reading or understanding English?

33. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a verdict in this criminal case?

**FUNCTION OF THE COURT AND JURY**

34. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your

instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.

35.     At the conclusion of the case, your job will be to determine whether or not Mr. Ganiyu and Mr. Mumuni are guilty of the crimes charged in the Indictment.  Does any juror have any bias or prejudice, or any philosophical or religious belief, that might prevent or hinder him or her from accepting the instructions of law that I will give the jury in this case?

36.     In the United States, a criminal defendant is presumed innocent unless and until the government proves the defendant's guilt beyond a reasonable doubt.  That burden never shifts to the defendant.  The presumption of innocence remains with Mr. Ganiyu and Mr. Mumuni throughout this trial and they cannot be convicted unless and until the jury, unanimously and based solely on the evidence presented in court, finds that the government has met its burden beyond a reasonable doubt.  I will explain what reasonable doubt means in more detail during my instructions to you at the conclusion of this trial, but is there anyone who would have difficulty following my instruction that Mr. Ganiyu and Mr. Mumuni are presumed innocent?

37.     Our law provides that a defendant is not required to call any witnesses, produce any evidence, or take the stand to testify in his own defense.  If Mr. Ganiyu or Mr. Mumuni exercise their right not to testify, you may draw no unfavorable inferences of any kind from the fact that they have not testified.  Is there anyone who would have difficulty accepting this principle?

38.     At the conclusion of the trial I will be instructing you that if you find that the government has not met its burden of proof beyond a reasonable doubt, it is your duty to find Mr. Ganiyu or Mr. Mumuni  not guilty of the crimes charged in the Indictment.  Is there any juror who feels that he or she might not be able to render a not guilty verdict if the evidence fails to establish Mr. Ganiyu or Mr. Mumuni's guilt beyond a reasonable doubt?

**OTHER BIASES**

39. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

**SPECIFIC QUESTIONS - JUROR'S BACKGROUND**

40. Mr. Ganiyu and Mr. Mumuni respectfully request that the Court ask each juror to state the following information:

    a.    the juror's age;

    b.    whether the juror is married or lives with someone else;

    c.    number of children, if any;

    d.    the area in which the juror resides;

    e.    the juror's educational background, including the highest degree obtained;

    f.    whether the juror has had any legal training or paralegal training, and where he or she received such training;

    g.    the juror's occupation; if juror is a lawyer:

        (i)    what is the nature of the juror's practice and for approximately how long has the juror been a lawyer;

        (ii)    has the juror ever worked as a criminal defense lawyer or prosecutor;

        (iii)    in which states / courts is the juror admitted to practice;

    h.    the juror's spouse's or partner's occupation, if applicable (if the juror's

> spouse or partner is a lawyer, Mr. Ganiyu and Mr. Mumuni respectfully request that the Court ask the same three additional questions listed above);
>
> i.    the name and location of the juror's employer, and the period of employment with that employer;
>
> j.    the same information with respect to the juror's spouse or partner and any working children;
>
> k.    what newspapers and magazines the juror reads and how often;
>
> l.    what television programs the juror regularly watches;
>
> m.    what radio programs the juror listens to and how often;
>
> n.    whether the juror listens to political commentators on television or radio and what political websites or blogs the juror visits, if any;
>
> o.    what online news sources the juror reads and how often;
>
> p.    what social media the juror uses and how often;
>
> q.    the juror's hobbies and leisure time activities;
>
> r.    any civic, social, union, professional, fraternal, political, recreation, or religious organizations of which the juror is a member, and level of involvement;
>
> s.    what charities or non-profit organizations the juror supports; and
>
> t.    whether the juror – or any member of the juror's household, family, or friends – has had any significant experiences involving any law enforcement agency.

**REQUESTED INSTRUCTION FOLLOWING IMPANELING OF THE JURY**

41.    From this point until the time when you retire to deliberate your verdict, it is your

duty not to discuss this case with anyone, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions with your fellow jurors, even with members of your own family, and your friends.

42.	If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in this case are under strict instructions from me not to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly and following my instructions by doing so.

Respectfully submitted,

_____
MARK S. DEMARCO
Attorney for Jibrilla Mumuni
2027 Williamsbridge Road
Bronx, NY 10461
(718) 239-7070
Email: MSDLaw@aol.com